### R. GUASTAVINO CO. v. COMERMA et al.

(Circuit Court, S. D. New York. January 4, 1911.)

TRADE-MARKS AND TRADE-NAMES (§ 97*)—INFRINGEMENT—INJUNCTION.

Where it was shown that the names "Spanish tile arch" and "cohesive tile arch" by long use have come to indicate the work of complainant, without the use of his name in connection therewith, because until the recent entry of defendant into the field no one else had built similar arches in this country, an injunction to adequately protect complainant in the exclusive use of such names as a trade-mark should prohibit their use by defendant, even with his own name prefixed or added, except in connection with other words clearly indicating that he is not the original maker of such arches.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 110, 111; Dec. Dig. § 97.*]

In Equity. Suit by the R. Guastavino Company against John Comerma and another. On settlement of order for preliminary injunction.

See, also, 180 Fed. 920.

Elbridge L. Adams, for complainant.
H. B. Davis, for defendants.

HAND, District Judge. This case now comes up in settlement of the order; the complainant insisting that no suffix or prefix will serve, but that the writ must forbid the use of the phrases themselves. Now it is quite true that there is no difficulty in law involved in an absolute writ against the phrases "Spanish tile" or "cohesive tile," though they are respectively truly geographical and descriptive. Thompson v. Montgomery (1891) App. Cas. 217, Shaver v. Heller & Merz Co., 108 Fed. 821, 48 C. C. A. 48, 65 L. R. A. 878. In this

---

case the defendant may use these words in any other combination, to describe his tiles as copied from Spanish tiles or as cohering together; but if it is essential, to protect the complainant's trade, that he should give up those particular combinations, the authorities permit it. Is it necessary? As I said in the former opinion, the phrases have hitherto designated without differentiation both structure and workmanship. An architect, learning that the structures were called "Spanish tiles" or "cohesive tiles," might be attracted by Guastavino's workmanship, as well as by the kind of arch indicated. In the designation of that workmanship Guastavino is entitled to be protected. Suppose this supposed architect contracts with Comerma for "Comerma's Spanish tile arch." Is there anything in that to indicate that Comerma may not have been the original maker whose work he wishes to get? It is not necessary that the name, Guastavino, should be associated with the phrase, so that the name of the workman be known, but only that the excellence of his work be so identified. If the phrase means his work, it should be protected, though he were unknown by name.

There is evidence here that "Spanish tile" and "cohesive tile" do indicate work of Guastavino, whether known by his name or not. I do not think that it is enough merely to call Comerma's arches by Comerma's name, because does not contradict their being made by the same person who made "Spanish tile," or "cohesive tile," arches hitherto. That might be so, if Guastavino's work were inevitably known by his name; but, when much of it was known by the phrases, it does not protect him to add "Comerma." Indeed, it may further injure him by lending color to the supposition that the former unknown maker was Comerma. If the name of a kind of architecture has been associated with only one unknown maker, a succeeding maker who imitates it must go so far as to show that he is not the same man as the originator. The only adequate paraphrase would be "Spanish tile arch, not made by the original maker of such arches." That is the effect of the "Stone Ale" case. Of course, it would be simpler to forbid the phrase altogether than to attempt so clumsy a circumlocution as that, leaving the imitator to adopt such a phrase as would otherwise convey the same descriptive idea. For example, he might say "tile arches of Spanish design," "arches of cohesive tiles." The whole language is open to him, except the particular phrase which custom has now associated with the complainant. If it be answered that this cuts off some use of the common language to him, the reply is that it does, indeed, but that it cuts off only a particular combination of words, and that to compel a suffix or a prefix is equally to forbid a particular combination, because such a combination consists as much of what it omits as of what it contains.

I will therefore give the defendant the alternative of adding as a suffix substantially the following: "Not made by Guastavino, the original maker of such arches"—or of abandoning the phrases altogether. Judge Lacombe has already pointed out how in these cases the calm of a temporary stay stimulates the inventive faculties, which congenital imitativeness seems so often to palsy. The defendant may

from the resources of the language find an adequate description, without using the precise phrases which have been associated with Guastavino.

Let the order pass in accordance with the above.